## Commonwealth *v.* Bilinski, Appellant.

Argued June 12, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*William J. C. O'Donnell*, with him *Herbert Linsenberg*, and *Meltzer & Schiffrin*, and *O'Donnell & O'Donnell*, for appellant.

*John E. Stively, Jr.*, District Attorney, for appellee.

Opinion by Watkins, J., September 16, 1959:

This is an appeal by the defendant appellant, Stephen Bilinski, from his conviction and sentence in the Court of Quarter Sessions of the Peace of Chester County for assault and battery.

The undisputed facts reveal that on Sunday, October 28, 1956, John Kenelly, age 53, a steelworker resident of Phoenixville, Pennsylvania, being in a condition that he described as "half drunk or a little more" was in the Trio Restaurant in Phoenixville having something to eat. At the time, the appellant in company with one John Geri, was riding in the appellant's automobile. Kenelly knew both men and accepted an offer from them to take him home. He got into the car, a stop was made on the way to his home, a fight ensued and Kenelly charged the two men had assaulted and robbed him of $140.

The appellant was charged with the crimes of robbery, robbery with an accomplice, robbery by violence, aggravated assault and battery and assault and battery. All the charges were submitted to a jury, excepting aggravated assault and battery, upon which charge the court below directed a verdict of acquittal. After trial by jury, he was acquitted of all charges except assault and battery.

A motion in arrest of judgment, on the grounds that the verdicts were inconsistent and contrary and that there was insufficient evidence to sustain the verdict of guilty of assault and battery, was denied by the court below. The appellant was sentenced to pay a fine of $100, the costs of prosecution and undergo imprisonment in the Chester County Farms for a period of 9 months.

The appellant raises two questions by this appeal for our consideration: (1) Under the Act of June 15, 1951, P. L. 585, 19 PS §871, should the motion in arrest of judgment because of the insufficiency of evi-

dence to sustain the conviction have been granted? and (2) Was the sentence of 9 months imprisonment for the crime of assault and battery excessive?

We have held in *Com. v. McSorley,* 189 Pa. Superior Ct. 223, at page 226, 150 A. 2d 570 (1959) that: "The Act of June 15, 1951, P. L. 585, supra, imposes upon the court the duty to consider the entire record to determine whether there is sufficient evidence to establish the guilt of the defendant. The court was not given jurisdiction to pass upon the credibility of the witnesses, or to review the evidence as a fact finder, or to determine whether it would have arrived at the same verdict as the jury did. We must, therefore, reject all of the defendant's evidence which the jury had a right to disbelieve. After a verdict of guilty, we must accept as true all of the Commonwealth's evidence upon which the jury could have properly based its verdict. Commonwealth v. Phillips, 372 Pa. 223, 93 A. 2d 455 (1953)."

It is certainly unnecessary here to define the crime of assault and battery. The Commonwealth's evidence as to appellant's guilt of assault and battery is recited in the following excerpts from the transcript of testimony. The victim, John Kenelly, testified: "Q. By he you mean—A. Bilinski came around from over the left hand side and got in the field. Q. What did he do? A. Jumped me." And then questioned by the court the following dialogue took place: "Q. Do you know whether he hit you or not? A. Yes. Q. Then you know whether he hit you? A. Yes. Q. What part of your body did he hit? A. My face. Q. Did you hit him? A. No. Q. With what did he hit you? A. His fist." Again on cross-examination: "Q. Mr. Kenelly, did Bilinski strike you? A. Yes." John Geri, the alleged accomplice testified on direct examination as follows: "Q. What happened then? A. Mr. Bilinski got in the mix up with us. Q. Did Bilinski strike Kenelly? A. I couldn't say

whether he did because my arms were around Mr. Kenelly, we were all struggling in there. Q. What was the next thing you recall happening? A. Next I recall Mr. Bilinski saying let's go."

Since the jury has presumably seen fit to accept the evidence submitted by the Commonwealth, then the court below properly considered that testimony and the reasonable inferences that may be drawn therefrom in its disposition of the motion to arrest. Judge HARVEY of the court below, in his opinion ably met that required consideration and also disposed of the complaint that the verdicts were inconsistent or contrary to each other, which complaint has been abandoned on this appeal, where he states:

"From the testimony of the victim, the jury was fully justified to find that while he was engaged in a struggle and had exchanged blows with an accomplice, the defendant, being called upon by that accomplice for aid in subduing him, struck him and otherwise laid hands upon him in violence, as a result of which he was thrown to the ground by his two assailants and while prone, one of them yelled to the the other to get his pocket-book, and he was robbed of his wallet and its contents. The accomplice on behalf of the Commonwealth, testified to facts corroborating the victim in respect of the assault and battery by the defendant and that immediately after the robbery, the defendant gave him money which evidently had been taken from the person of the victim.

"The defendant, taking the stand on his own behalf, while admitting his presence at the time and place of the occurrence, denied any intentional violence to the person of the victim, and testified that if he touched him in any manner or degree, it was in a laudable effort to stop the struggle and fracas between the victim and the accomplice, the cause of which he did not know;

and he denied any knowledge of the robbery before he was informed thereof by the officers some time later when he was arrested. That the defendant in fact abstracted the wallet or money from the person of the victim depends entirely upon the testimony of the accomplice, and the jury was duly cautioned in regard to acceptance of testimony from the tainted source. In these circumstances, the jury might well have found reasonable doubt that the defendant either actually robbed the victim or had reason to believe the accomplice intended to or did commit the robbery during the struggle, while having no such doubt that the defendant came to the aid of the accomplice in the scuffle and in so doing committed an assault and battery."

The second reason for this appeal, that the sentence of 9 months imprisonment is excessive and a manifest abuse of discretion by the court below, is without merit. The sentence of 9 months imprisonment on a conviction of assault and battery is well within the two (2) year maximum imposed by law. Act of June 24, 1939, P. L. 872, §708, 18 PS §4708. The fact that Geri, the accomplice who had pleaded guilty to charges of robbery by violence and assault and battery, was only sentenced to 6 months on the assault and battery charge, while the appellant, who was acquitted of the more serious charges was sentenced to 9 months, does not strengthen the appellant's position.

We held in *Com. v. Fitzgerald,* 101 Pa. Superior Ct. 308, at page 309, that: "We may, however, state that there is no law that requires the court to impose a like sentence upon all the participants in a crime. There may be many elements appearing which might move the court to make a difference between criminals who are joined in the same offense. Age, sex, likelihood of reformation, and health may be considered, and no doubt other reasons might appear which would move the court

to impose a different sentence upon one defendant than upon another. Subject to the limitations prescribed by statute, the matter is within the discretion of the court."

Under the Act of June 24, 1895, P. L. 212, §8, 17 PS §192, this Court has the power to modify any judgment or decree it may think to be just. *Com. v. Downer,* 161 Pa. Superior Ct. 339, 53 A. 2d 897 (1947). However, we have said many times that the discretion of the trial court is not to be interfered with in the imposition of a sentence within the statutory limits unless the sentence is manifestly excessive and inflicts too severe a punishment. *Com. v. Garramone,* 307 Pa. 507, 161 A. 733 (1932) illustrates the "manifestly excessive" exception and deals with a guilty plea in a murder case. The general rule in this Commonwealth is clearly that the appellate courts will not interfere with the discretion of the trial court in the imposition of sentence. *Com. v. Fitzgerald,* supra; *Com. v. Downer,* supra.

There is certainly nothing in this record that takes this case out of the general rule and there has been no abuse of discretion by the trial court in sentencing this defendant to 9 months in prison under a statute providing for a maximum of two (2) years, after a trial in which the jury evidently found a reasonable doubt so as to acquit him of the more serious robbery charges but were convinced beyond a reasonable doubt that he came to the assistance of the accomplice during the robbery and in so doing committed an assault and battery.

Judgment of sentence affirmed; and it is ordered that defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal was made a supersedeas.