Opinion by
Rhodes, P. J.,
Appellant was indicted on three bills of indictment —No. 335, March Sessions, 1962, in the Court of Quarter Sessions of Delaware County, charging possession of burglary tools; bill No. 334, charging burglary and larceny; and bill No. 336, charging the receiving of stolen goods. Appellant pleaded not guilty, waived a jury trial, and was tried on February 27, 1963, before President Judge Sweney. He was convicted on all three charges. His motions for a new trial and in arrest of judgment were argued before the court in banc which denied the motions on May 31, 1963.
Appellant claims that the sentences were excessive and should be reduced on appeal. On June 13, 1963, the court imposed a sentence on bill No. 335 (possession of burglary tools) of not less than one year nor more than three years. Sentence on bill No. 334 (burglary and larceny), and sentence on bill No. 336 (receiving stolen goods) were suspended. However, on the same day and within the term, the court changed the sentences as follows: On bill No. 334 (burglary) the sentence of the court was that Richard Zelnick pay a fine of $1,000 and undergo imprisonment in the Eastern State Penitentiary, at separate and solitary confinement, for a period of not less than two years nor more than four years, and stand committed until that sentence be complied with. On bill No. 335 (possession' of burglary tools )■ the sentence of the court was that Richard Zelnick pay a fine of $100, pay the costs of prosecution, and undergo imprisonment in the Eastern State Penitentiary for a period of not less than *131 eighteen months nor more than three years, and that he stand committed until this sentence be complied with. Sentences on bill No. 334 and bill No. 335 are to be served consecutively. Sentence on bill No. 336 remains suspended.
Appellant did not attack the sentences on his motions for a new trial and in arrest of judgment in the court below, and therefore the matter may not be raised for the first time on appeal. Com. v. Mays, 182 Pa. Superior Ct. 130, 126 A. 2d 530; Com. v. Gomori, 192 Pa. Superior Ct. 325, 330, 161 A. 2d 649; Com. v. Clark, 198 Pa. Superior Ct. 64, 67, 181 A. 2d 859.
The recorded sentences are controlling. “The only sentence known to the law is the sentence or judgment entered upon the records of the court.’ ” Com ex rel. Scoleri v. Burke, 171 Pa. Superior Ct. 285, 287, 90 A. 2d 847, 848. The court has full power to reconsider the original sentences and to reduce or increase them so long as the term during which the original sentence was imposed had not expired.[1] Com. ex rel. Gaynor v. Maroney, 199 Pa. Superior Ct. 81, 83, 184 A. 2d 409.
It is firmly established that the extent of sentence is a matter within the discretion of the trial judge and will not be disturbed if within the statutory limits. Com. v. Downer, 161 Pa. Superior Ct. 339, 344, 53 A. 2d 897; Com. v. Pouls, 198 Pa. Superior Ct. 595, 601, 182 A. 2d 261. Although we have the power to modify a sentence which is manifestly excessive and inflicts a punishment which is too severe, the record here does not disclose any facts which would remove the present appeal from the general rule, and accordingly the sentences will be affirmed. Com. v. Bilinski, 190 Pa. Superior Ct. 401, 407, 154 A. 2d 322.
Appellant asserts that evidence, consisting of a pineh bar taken from the glove compartment of his car, obtained as the result of an unreasonable search *132 and seizure was wrongfully used as evidence against Mm at the trial, and cited Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. Appellant made a preliminary motion to suppress this evidence prior to trial. The motion was refused, and an appeal taken was discontinued as interlocutory.
The facts in the present case are summarized by President Judge Sweney in his opinion as follows:
“In the present case, a burglary occurred at a restaurant known as ‘Jimmie’s and Johnnie’s’ on Baltimore Pike near Union Avenue in Upper Darby, Delaware County, Pa., sometime between the hours of 10:30 p.m. on January 1st, 1962, and 5:05 a.m. on January 2nd, 1962, when the burglary was discovered. An investigation by the Upper Darby police was begun that morning. Entrance to the building had been gained by the use of a pinch bar to force open the rear door. On the night of the burglary, a night watchman, who was on duty approximately 25 to 35 yards from the place burglarized, observed a two-tone 1955 or 1956 Oldsmobile circling behind the building. The automor bile when first seen by the watchman had two occupants ; however, when it left, it had only one occupant. The car returned about 2:30 a.m. and this time another occupant was seen in the car, when it left the area. An Upper Darby policeman, on duty in the vicinity, observed the same car at 1:00 a.m. on the morning of the burglary, driving back and forth on Baltimore Pike. At 1:15 a.m. the same officer observed the car backing in and making a U-turn on Baltimore Pike. The car then pulled up near ‘Jimmie’s and Johnnie’s’ and turned its lights on and off. The officer stopped the car and was told by its occupant that he had been to a movie and was trying to get to Philadelphia. At 2:00 a.m. the officer saw this same car, with one occupant in it, heading west on Baltimore Pike towards Lansdowne and away from Philadelphia. The *133 police officer noticed the car again at approximately ■2:30 a.m. This time there were two occupants in the car which was heading east on Baltimore Pike towards Philadelphia. Although the policeman eventually lost the car, he did obtain its license number.
“A detective on the Upper Darby police force, who was investigating the burglary and who knew the facts related above and the criminal' record of the defendant, spotted the car in question at Long Lane and Chestnut Street in Upper Darby on January 4th, 1962 at 9:20 a.m. He apprehended the defendant .and took him and the car to police headquarters. While the defendant was being questioned at police ■ headquarters, the car was searched and a twelve-inch pinch bar was found in the glove compartment. The coloration and indentation found on the door of the place burglarized matched the color and shape of the pinch bar. The scrapings found on. the bar. were identical with, those taken from the door. No warrant had been obtained for either the arrest of the defendant or for the search of his car.” "
The facts here are similar , to the facts in Com. v. Czajkowski, 198 Pa. Superior Ct. 511, 182 A. 2d 298, and the principles announced therein.are controlling. See, also, Com. v. Bosurgi, 198 Pa. Superior Ct. 47, 50, 182 A. 2d 295; 411 Pa. 56, 190 A. 2d 304. The information received, and the observation of appellant’s car at the scene and at the time of the burglary gave the officer reasonable grounds, and probable cause to arrest without a warrant, and the search of appellant’s car incident to the arrest was not unreasonable. Appellant’s motions for a new trial and in arrest of judgment were properly denied.
Judgments of sentence are affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sen *134 tences or any part thereof which had not been performed at the time the appeals were made a supersedeas.

 This is the general rule subject to the exception set forth in the Act of June 1, 1959, P. L. 342, No. 70, §1, 12 PS §1032.