Commonwealth *v.* Brown, Appellant.

Submitted November 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Ronald C. Nagle,* for appellant.

*A. Thomas Parke, III,* Assistant District Attorney, with him *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 1, 1971:

In February, 1965, appellant pleaded guilty to murder generally, was found guilty of murder in the second degree and was sentenced to serve a term of 10 to 20 years in prison. In 1968, appellant petitioned for post-conviction relief under the Post Conviction Hearing Act (PCHA), requesting that his sentence be modi-

fied or set aside for reasons which will be considered in this opinion. The order denying that petition, entered on October 11, 1968, is assigned for error on this appeal.

Back in 1956, appellant had entered pleas of guilty to robbery charges and was sentenced to serve 5 to 10 years in prison. He was paroled in 1960. In May of 1963 he was arrested and confined on the murder charges which as we have noted were disposed of on his plea of guilty in 1965. Before entering upon his new sentence on this murder conviction, he was required to serve the five years remaining on the 1956 robbery conviction. In November of 1966, appellant filed a PCHA petition seeking to have his robbery sentence set aside. The petition was denied, but the Superior Court reversed, directing that a hearing be held to determine the validity of the appellant's allegations. 210 Pa. Superior Ct. 136 (1967). As a result, the appellant was granted a new trial on the robbery charges. The appellant then promptly filed an Application for Dismissal pursuant to Rules 314 and 316 of the Rules of Criminal Procedure, a hearing was held and the 1956 robbery charges were dismissed on January 3, 1968.

The appellant next filed a motion for time credits wherein he requested that the time spent in custody on the robbery indictments be credited to the murder sentence. The motion was denied and appellant then filed this PCHA petition requesting that his 10 to 20 year sentence for second degree murder be set aside or modified. The gravamen of the petition is that the court, in imposing the murder sentence, had before it and considered appellant's prior robbery conviction in determining the sentence to be imposed and, therefore, since that conviction no longer stands, appellant is entitled to reconsideration of the remaining murder sen-

tence without regard to the robbery conviction. The PCHA court dismissed this petition without a hearing, stating that the robbery conviction in no way affected the term of sentence imposed on the murder charge.

Where a defendant pleads guilty to murder generally and he is found guilty of second degree murder, any claims which he may have which would be cognizable on direct appeal, are also cognizable on collateral attack. *Commonwealth v. Spruill,* 437 Pa. 530 (1970); *Commonwealth v. Minnich,* 436 Pa. 42 (1969); *Commonwealth v. Walters,* 431 Pa. 74 (1968); *Com. v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967). "All that he could attack on direct appeal from a second degree murder verdict based on his guilty plea would be the voluntariness of the plea, the validity of the sentence, and the question of whether he introduced evidence sufficient to reduce the killing to manslaughter." *Com. v. Minnick,* supra, at 46. Here, it is obvious that appellant's contentions amount to no more than an attack upon the validity of the sentence on the ground that its severity is based upon a prior invalid conviction. The general rule in reviewing a sentence imposed by the trial court is that an appellate court will not disturb a judgment of sentence that is within the statutory maximum, unless there has been a showing of illegality. *Com. v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971); *United States v. Brown,* 382 F. 2d 52 (3d Cir. 1967). See also, *Com. v. Howard,* 426 Pa. 305 (1967); *Com. v. Zelnick,* 202 Pa. Superior Ct. 129 (1963).

In *United States ex rel. Olden v. Rundle,* 279 F. Supp. 153 (E.D. Pa. 1968), the situation was factually somewhat similar to the one in this case. There, the defendant was returned to jail as a parole violator, after conviction of a second offense. He had completed serving his first sentence and was serving his second when his first conviction was declared invalid. It was

there held that he was constitutionally entitled to present the fact of the invalidation to the court which sentenced him for the second offense so that this fact might be taken into consideration in a resentencing proceeding.

Appellant in this case was sentenced to serve the maximum term allowable by statute for conviction of second degree murder. 18 P.S. §4701 [which provides for a maximum term of 20 years for a first offender]. The trial court had before it appellant's record of the robbery conviction. The same court sat as the PCHA court on this petition and denied it, stating that the circumstances of the crime and not the prior conviction motivated the imposition of the maximum sentence. The PCHA court further stated that the robbery conviction was not considered at all in determining the sentence to be imposed, although appellant contends that the trial record is to the contrary on this point.* In any event, we conclude that appellant has had all of the consideration on his petition by the PCHA court that he is entitled to under our decisions and under *Olden,* i.e., reconsideration by the sentencing court in light of the invalidation of the prior robbery conviction.

Order affirmed.

Mr. Justice COHEN took no part in the decision of this case.

---

\* There is some reference by the trial court in the notes of testimony to the fact that appellant was on parole for a serious crime when he committed this murder, but appellant has not shown that this motivated the imposition of the sentence.