Commonwealth *v.* Hewlett, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Lee Mandell,* and *Charleston & Fenerty,* for appellant.

*Albert L. Becker* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., November 16, 1972:

Appellant Richard Hewlett appeals nunc pro tunc from 1967 convictions for sodomy and related offenses.[1]

---

[1] Appellant was given the right to appeal nunc pro tunc from the judgment of sentence following a PCHA hearing at which his PCHA petition was denied.

Appellant, along with two co-defendants, was convicted by a jury following trial before Judge Leo WEINROTT. All were sentenced to a term of imprisonment of from five to ten years. In this appeal, appellant seeks: (1) reversal of his conviction, on the basis of an alleged conflict of interest precluding effective assistance of counsel representing both appellant and a co-defendant; or (2) reconsideration of his sentence in light of the subsequent setting aside of a previous conviction which appeared on his record when sentence was imposed. We affirm the conviction,[2] but remand to the trial court for a reconsideration of the sentence.

Prior to his trial in the instant case, appellant and a different co-defendant had been convicted of rape and related offenses and were sentenced to prison terms. Appellant's co-defendant in that case was later granted a new trial.[3] Subsequently, appellant was similarly granted a new trial on the basis of prejudice arising from error regarding cross-examination of his co-defendant. In March 1972, the district attorney entered a nol prosequi on the prior conviction. Appellant now seeks a reconsideration of his sentence on the present conviction in light of this setting aside of his earlier conviction which may have influenced the trial court in sentencing.

---

[2] While we do have a prophylactic rule vitiating proceedings in which a conflict of interest existed arising from dual representation, regardless of actual harm, *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 176 A. 2d 641 (1962), the rule is never reached unless it is shown that a conflict of interest did in fact exist at trial. *Commonwealth v. Small*, 434 Pa. 497, 254 A. 2d 509 (1969). We have found nothing in the record to indicate such a conflict of interest.

[3] A new trial was granted on the basis of the trial court's permitting the co-defendant to be cross-examined regarding a statement given to the police without benefit of warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966). *Commonwealth v. Burkett*, 211 Pa. Superior Ct. 299, 235 A. 2d 161 (1967).

We are cognizant of the reluctance on the part of Pennsylvania appellate courts to interfere with the discretion of trial courts in sentencing matters. "The general rule in reviewing a sentence imposed by the trial court is that an appellate court will not disturb a judgment of sentence that is within the statutory maximum, unless there has been a showing of illegality." *Commonwealth v. Brown*, 443 Pa. 274, 278 A. 2d 170 (1971), *Commonwealth v. Wrona*, 442 Pa. 201, 275 A. 2d 78 (1971). The issue here, however, is not the trial court's abuse of discretion in the exercise of sentencing power, but, rather, whether the trial court should be required to reconsider a sentence it imposed after reviewing a defendant's subsequently-invalidated lone prior conviction.

Where a trial court has openly placed emphasis on misinformation concerning a criminal record or on the misreading of court records in reaching a sentencing decision, it is clear that due process requires a reconsideration of that decision by the sentencing court. *Townsend v. Burke*, 334 U.S. 736 (1948), *U.S. ex rel. Jackson v. Myers*, 374 F. 2d 707 (3d Cir. 1967). Here, however, there is nothing in the record to indicate what factors the trial judge weighed in making his sentencing decision. All that is clear is that he was aware of the invalidated conviction in question.[4] The Commonwealth would have us require an affirmative showing by appellant that the previous conviction *motivated* the imposition of the present sentence in order to warrant a reconsideration of the sentence.[5] We refuse to adopt such a rule.

---

[4] Before requesting a pre-sentence investigation, Judge WEINROTT referred to the prison sentence appellant was then serving on the earlier conviction.

[5] In support of this position the Commonwealth cites *Commonwealth v. Brown*, 443 Pa. 274, 278 A. 2d 170 (1971). The court in

We should not assume that the sentencing judge did not give significant weight to the invalid conviction in imposing the present sentence. If appellate courts are to generally refrain from scrutinizing the thought processes of trial judges in the review of sentencing matters, we likewise should refrain from speculating as to the importance attached to previous convictions by the trial judge in reaching those decisions. See *Townsend v. Burke,* supra, *U.S. ex rel. Jackson v. Myers,* supra.

In the instant case, the earlier invalidated conviction for rape constituted appellant's sole criminal record. Given this fact, together with the seriousness of that earlier conviction, and its similarity to the offense involved in the sentence under attack, it would be folly to speculate as to what the trial judge's disposition *would have been* absent the prior record. In the ordinary case where a defendant has served time under a sentence which had been judicially set aside and is later brought before a court for sentencing on another matter, he has the opportunity of bringing that fact to the attention of the sentencing court. We feel he should not be deprived of that opportunity merely because the setting aside of the earlier conviction occurred subsequent to the sentence under attack. See *Bauers v. Yeager,* 261 F. Supp. 420 (D.N.J. 1966).

In such situations, the interests of finality in sentencing are outweighed by the potential for injustice. To correct any potential injustice, reconsideration by the sentencing judge in light of the invalidation of the earlier conviction is an insubstantial price to pay. Ap-

that case did refuse to set aside or modify a sentence under facts similar to the instant case, but predicated its decision on the fact that the sentence had already been reconsidered by the sentencing court sitting as the PCHA court. The Court noted, at page 278, that such reconsideration by the sentencing court was what the appellant was "entitled to."

60

pellant is entitled to such a reconsideration. See *Commonwealth v. Brown,* supra, at 278, *U.S. ex rel. Olden v. Rundle,* 279 F. Supp. 153 (E.D. Pa. 1968), *Bauers v. Yeager,* supra.

We affirm appellant's conviction but remand to the trial court for reconsideration of the sentence.