Commonwealth *v.* Person, Appellant.

Submitted April 21, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

2

*Ralph W. D. Levan* and *Jack C. Mancuso,* for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, November 30, 1972:

The appellant, Zebedee Person, was indicted for the murder of his wife. The Court of Common Pleas of Berks County, acting under the provisions of the Mental Health and Mental Retardation Act of 1966 and upon petition of defendant's counsel, appointed a commission to investigate the mental condition of the defendant for the purpose of advising the Court whether the defendant was fit to stand trial for murder.

The Commission held a hearing and filed a report which concluded that "Zebedee Person is in fact mentally ill but that he is nevertheless competent to stand trial on the charge of murder." By court order, at the request of the defendant, a second hearing was held in order to allow the defendant to present additional testimony and to further question the physician members of the Commission. Following that hearing, a supplemen-

tary report was filed which reached the same conclusion as the original report. That conclusion was based on an evaluation of the defendant's condition in relation to the criteria of Section 4408(d) of the Mental Health and Mental Retardation Act of 1966. Act of October 20, 1966, Special Sess. No. 3, P. L. 96, Art. IV, §408(d), 50 P.S. 4408(d).

The court, upon further hearing, then made a finding that Zebedee Person is of such capacity to understand the nature and object of the murder prosecution, to comprehend his own condition in reference to such proceedings, to understand the nature of the punishment which might be inflicted upon him, to confer with his counsel with reference to such proceedings, to make a rational defense and the probable effect of the trial will not be unduly detrimental to his physical and mental condition.

Defendant then indicated that he wished to enter a plea of guilty to voluntary manslaughter. The guilty plea was accepted by the court after a lengthy inquiry which satisfied the court that the defendant understood the nature of the charge to which he was pleading guilty, the right to trial by jury, the presumption of innocence until found guilty, the permissible range of sentences for the crimes charged, that there was no plea bargaining and that no promises or threats had been made to the defendant. Several months later the defendant filed a petition to withdraw his plea of guilty. The petition was dismissed after a hearing and that decision is not challenged in this appeal.

The appellant was sentenced to pay a fine of $100, costs of prosecution, and to undergo five to ten years imprisonment. This appeal is taken from the judgment of sentence. Person was represented by counsel throughout the proceedings.

Appellant contends only that the lower court abused its discretion by imposing an unduly severe sentence.

He claims that the lower court did not adequately consider his past physical or mental condition or take into account the unconscious duress he might have experienced as a result of interviews with the members of the Commission.

By pleading guilty to voluntary manslaughter in the proper court, appellant waived his right to challenge anything but the voluntariness of his plea and the legality of his sentence. *Commonwealth v. Zanine*, 444 Pa. 361, 282 A. 2d 367 (1971). The voluntariness of his plea is not at issue and therefore our only inquiry is as to the legality of the sentence.

The permissible sentence for the crime of voluntary manslaughter is set out by the Act of June 24, 1939, P. L. 872, §703, 18 P.S. 4703, which provides: "Whoever is convicted of voluntary manslaughter . . . shall be sentenced to pay a fine not exceeding six thousand dollars ($6,000), and to undergo imprisonment . . . not exceeding twelve (12) years. . . ." The sentence of five to ten years imprisonment and a fine of $100 was within the statutory limits for the crime of voluntary manslaughter.

Appellant's claim that the trial court did not give sufficient consideration to his physical and mental health is not sustained by the record. The history of this case prior to the guilty plea indicates that the trial court was well aware of the conditions of the appellant's physical and mental health. The alleged unconscious duress occurred prior to the plea of guilty which was preceded by full court inquiry. In addition, prior to sentencing, the trial court heard from the defendant and his counsel and had before it a full pre-sentencing investigation report. Under these circumstances we will not disturb a sentence within statutory limits.

If the sentence imposed is within statutory limits, there is no abuse of discretion unless the sentence is

manifestly excessive so as to inflict too severe a punishment. See *Commonwealth v. Wrona*, 442 Pa. 201, 275 A. 2d 78 (1971); *Commonwealth v. Zelnick*, 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963); *Commonwealth v. Pouls*, 198 Pa. Superior Ct. 595, 182 A. 2d 261 (1962); *Commonwealth v. Bilinski*, 190 Pa. Superior Ct. 401, 154 A. 2d 322 (1959).

Judgment of sentence affirmed.

Mr. Justice ROBERTS concurs in the result.