## Commonwealth *v.* Williams, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David E. Auerbach,* Assistant Public Defender, for appellant.

*Ralph B. D'Iorio*, Assistant District Attorney, *William R. Toal, Jr.*, First Assistant District Attorney, and *Stephen J. McEwen, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 25, 1974:

Appellant was indicted for the murder of one Sherwood Holland.[1] He pleaded guilty to voluntary manslaughter and was sentenced to a term of 4 to 10 years imprisonment and a fine of $1,000. This is a direct appeal from that judgment of sentence.[2]

The sole contention of the appellant is that the sentence imposed was excessive under the circumstances of this case, and that the sentence should be vacated and the case remanded for resentencing.[3] We will affirm.

The sentence imposed upon a convicted person is within the sole discretion of the sentencing judge, and will be reviewed by an appellate court only within narrow confines. We have recently iterated and reiterated this rule. *Commonwealth v. Lee*, 450 Pa. 152, 156-57, 299 A.2d 640 (1973); *Commonwealth v. Person*, 450 Pa. 1, 4-5, 297 A.2d 460 (1972); *Commonwealth v. Brown*, 443 Pa. 274, 277, 278 A.2d 170 (1971); *Commonwealth v. Wrona*, 442 Pa. 201, 206, 275 A.2d 78 (1971); *Commonwealth v. Marks*, 442 Pa. 208, 210, 275

[1] He was also indicted for voluntary manslaughter, aggravated assault and battery, assault and battery with intent to kill, and violation of the Uniform Firearms Act.

[2] We have jurisdiction under the Act of July 31, 1970, P. L. 673, No. 223, art. II, §202(1), 17 P.S. §211.202(1).

[3] There was a plea bargain to the extent that, if the plea was made, the Commonwealth would recommend that it be accepted on the ground that the offense did not rise to any higher degree of homicide.

No claim is asserted that the plea was not knowingly and intelligently made or that the bargain was not kept.

A.2d 81 (1971). As we stated in *Wrona, supra,* as quoted in *Commonwealth v. Lee, supra,* at 156: "Whether a trial judge imposed a proper sentence on a criminal defendant does not present a pure question of law [thereby making it reviewable], unless the sentence exceeds the statutorily prescribed limits or is such as to be constitutionally impermissible. In the usual case, the problem presents a mixture of law and fact. . . . [T]he sentence imposed on a person convicted of crime lies with one exception (where the conviction is for first degree murder following a jury trial) within the sole discretion of the trial court, and the sentence imposed will not be reviewed by an appellate court, unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment. (Citation omitted)." In short, a sentence will not be reviewed "unless there has been a showing of illegality," *Commonwealth v. Brown, supra.*

In the case at bar, a thorough evidentiary hearing conducted by the trial judge before accepting appellant's guilty plea disclosed that the appellant had shot the victim, a friend of 25 years, after an extended period of drinking. Although the defendant testified that the shooting was the result of an altercation in which he was threatened with a knife, this was contradicted by two eye-witnesses. The trial judge concluded that the evidence could have supported a jury verdict of murder in the second degree. Although the defendant had no past criminal record, was clearly remorseful, and received a favorable recommendation for leniency from the prison chaplain, these facts do not render the sentence "manifestly excessive." *Commonwealth v. Wrona,* 442 Pa. at 206. It was less than the statutory maximum,[4] and there is no suggestion of any illegality

---

[4] The maximum sentence for voluntary manslaughter is imprisonment of from 6 to 12 years and a fine of $6,000. Act of

in connection with it. In sum, this record reveals no basis whatever for disturbing the sentence which the trial court saw fit to mete out.

Judgment of sentence affirmed.

<hr>

June 24, 1939, P. L. 872, §703, *superseded* by Act of December 6, 1972, P. L. 1482, No. 334, §1, effective June 6, 1973.