Commonwealth *v.* Warner, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before ATKINS, P. J.

*Clayton R. Wilcox,* Assistant Public Defender, for appellant.

*Morrison B. Williams,* Deputy District Attorney, and *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., April 3, 1974:

This is an appeal from the Judgment of sentence imposed by the Court of Common Pleas, Criminal Division, of York County, after the defendant's entry of a plea of nolo contendere to the charges of burglary, larceny, receiving stolen goods, resisting arrest, and assault and battery. Defendant was sentenced to undergo imprisonment for a period of time not less than five (5) years nor more than ten (10) years, sentence to begin at the expiration of the sentence which defendant was currently serving. The appeal charges that the sentence was excessive in view of all the circumstances of the case.

The Supreme Court of Pennsylvania has said that, "[i]f the sentence imposed is within statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Person*, 450 Pa. 1, 4-5, 297 A. 2d 460 (1972). See also *Commonwealth v. Wrona*, 442 Pa. 201, 275 A. 2d 78 (1971); *Commonwealth v. Pouls*, 198 Pa. Superior Ct. 595, 182 A. 2d 261 (1962); *Commonwealth v. Downer*, 161 Pa. Superior Ct. 339, 53 A. 2d 897 (1947). We ourselves have stated that we have the power to modify an obviously excessive sentence, *Commonwealth v. Zelnick*, 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963); *cert. den.* 377 U.S. 1006, 12 L. Ed. 2d 1054, 84 S. Ct. 1943 (1964); *Commonwealth v. Bilinski*, 190 Pa. Superior Ct. 401, 154 A. 2d 322 (1959), though we have rarely utilized that power, preferring instead to rely on the good judgment of the trial judge. In the case before this court, the sentence imposed, five (5) to ten (10) years for burglary, is within the statutory limits. Act of June 24, 1939, P. L. 872, §901, 18 P.S. §4901. The fact that appellant nearly lost the use of his arm as a result of his crime is unfortunate, but such injury was within the scope of the risk that appellant assumed when he engaged in the illegal activity. This

was not appellant's first offense, nor were the circumstances of this crime extenuating. Accordingly, the sentence of the lower court will be sustained.

Judgment of sentence affirmed.