## Commonwealth *v.* Herbin, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before BLAKEY, III, J.

*John H. Chronister* and *Hugh S. Rebert,* Assistant Public Defenders, for appellant.

*Richard H. Horn,* Assistant District Attorney, *Morrison B. Williams,* First Assistant District Attorney, and *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., April 3, 1974:

This is an appeal challenging the lower court's judgment of sentence after the appellant pleaded guilty to a charge of robbery. Following this plea, the lower court ordered a pre-sentence investigation prior to the pronouncement of sentence. Following that investigation, appellant was sentenced to imprisonment for a period of not less than three nor more than six years.

The record reveals that the appellant committed the crime in question while on a weekend pass from a treatment center, to which he had been committed after an earlier robbery conviction. At the sentencing hearing in the instant case, the lower court took due note of an alcoholism problem for which the appellant blames his present and past legal difficulties.

When we are called upon to review the sentence imposed by a lower court after a voluntary guilty plea in a case within the court's jurisdiction and that sentence falls clearly within the prescribed statutory limits for the crime in question, we can only disturb the sentencing if we find an abuse of the broad discretion vested in the lower courts in sentencing matters. *Commonwealth v. Person,* 450 Pa. 1, 297 A. 2d 460 (1972); *Commonwealth v. Zelnick,* 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963), *cert. denied,* 377 U.S. 1006 (1964).

In the instant case, where the sentence was far less severe than the possible statutory maximum penalty, we find no abuse of discretion by the lower court under the circumstances here present and hereby affirm the judgment of sentence.