Commonwealth *v.* Rodriquez, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William F. Ochs, Jr.,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:

The question presented to us on this direct appeal is whether the lower court abused its discretion when sentencing appellant to 1-2 years imprisonment and directing him to pay a $500.00 fine plus the costs of prosecution and $18.00 restitution, following his conviction of simple assault and battery.

This case arose from an incident on May 6, 1973, at approximately 10:15 p.m. in Magisterial District 23-3-5, City of Reading, Pennsylvania. At that time, the appellant was being transported from Reading's City Hall to the Berks County Prison by Constable William I. Huber, the complainant below. The appellant was kept under restraint until the arrival at the prison, when Mr. Huber removed one handcuff, but had difficulty in unlocking the other. As he bent over the appellant to work on the handcuff, Mr. Huber was struck with appellant's free hand. The complainant sustained a cut on his lip and was treated as an outpatient at a local hospital. Mr. Huber lodged a Criminal Complaint against appellant on May 7, 1973, charging him with aggravated assault and battery.

The matter was bound over to the Grand Jury, and following the indictment, tried on September 25, 1973. The jury found appellant guilty of simple assault and battery. No post-trial motions were filed.

On November 21, 1973, at the sentence hearing, appellant was directed to pay the costs of prosecution and to make restitution of $18.00 to Mr. Huber. In addition, appellant was ordered to pay a fine of $500.00 and to undergo imprisonment for a term of one to two years, effective November 21, 1973. Appellant was at all times represented by his present counsel. This appeal from sentence was filed on November 28, 1973.

The appellant contends that because of his socio-economic situation and the circumstances of his crime the sentence imposed against him was manifestly ex-

cessive and constituted an abuse of discretion by the court below. We do not agree with his contention and will therefore affirm the sentence.

As a general rule, an appellate court will not review a sentence imposed which is within the statutory maximum, unless a showing of illegality is made. *Commonwealth v. Brown*, 443 Pa. 274, 277, 278 A. 2d 170 (1971). A lower court has broad discretionary powers to receive relevant information which will enable it to exercise its discretion in determining the proper sentence or penalty, subject to the limitations prescribed by statute. *Commonwealth v. Cox*, 441 Pa. 64, 70, 270 A. 2d 207 (1970). And an appellate court will not interfere with the exercise of such discretion unless the sentence imposed is manifestly excessive. *Commonwealth v. Person*, 450 Pa. 1, 5, 297 A. 2d 460 (1972); *Commonwealth v. Bilinski*, 190 Pa. Superior Ct. 401, 406-7, 154 A. 2d 322 (1959); *Commonwealth v. Downer*, 161 Pa. Superior Ct. 339, 53 A. 2d 897 (1947).

The instant case, appellant argues, presents a clear abuse of discretion by the sentencing judge. Appellant is a primarily Spanish-speaking individual who testified through the use of an interpreter. However, the Record reveals that appellant spoke with Constable Huber, in English, prior to the assault;[1] and appellant testified that he understands English, but is not proficient in its use.[2]

---

[1] At page 10 of the Transcript, in response to a question concerning the nature of the conversation, appellant stated: "I asked for a cigarette. He told me he did not have a cigarette for me. He said I don't have a cigarette for you, punk, that's just what he said."

[2] At page 13 of the Transcript the following appears: "Q. When you had these conversations, or when words were exchanged between you and the constable, at other times, were these in English or Spanish? A. In English. I don't understand too much, just a little bit, just enough to understand."

Appellant reasons that his language difficulty presented a factor which the court below should have considered before sentencing. However, appellant ignores the fact that the sentencing judge heard the testimony at trial and himself talked with appellant via the interpreter at sentencing. There is nothing in the record to indicate that the sentencing judge did not consider this factor.

Appellant also asserts that the court below erred in setting the date the sentence began to run as November 21, 1973, without credit for time served pending trial. This alleged error by the court below is the basis for appellant's contention that his sentence is manifestly excessive. What appellant fails to state is that his incarceration before trial was the result of a recommitment for a parole violation—an offense separate from the assault and battery committed by appellant on May 6, 1973.

The Act of May 28, 1937, P. L. 1036, §1 (19 P.S. §894), prescribes the computation of sentences. It reads: "From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct."

In the instant case, appellant was not incarcerated for the May 6, 1973, assault and battery until the date sentence was imposed—i.e., November 21, 1973. The trial court therefore acted within its discretionary powers when it chose that same date as the commence-

ment date of sentence. The court, under its statutory powers, could have had appellant begin to serve this sentence at the expiration of the prior sentence for which appellant was incarcerated as a parole violator. *See Commonwealth v. Pristas*, 222 Pa. Superior Ct. 254, 259, 295 A. 2d 114, 117 (1972); *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa. Superior Ct. 443, 217 A. 2d 772 (1966); and *Litzelman Appeal*, 207 Pa. Superior Ct. 374, 381, 217 A. 2d 838, 842 (1966).

There was no manifestly excessive sentence imposed on appellant in this case. His sentence was properly computed and was within the statutory limitations.

Judgment of sentence affirmed.