Commonwealth *v.* Francis Reese, Appellant.
Commonwealth *v.* Larry Reese, Appellant.

472

Submitted June 10, 1974.    Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*Eugene R. Hartman,* and *Gary E. Hartman,* Assist-
ant Public Defender, for appellant at No. 720.

*Robert E. Campbell,* Public Defender, for appellant at No. 721.

*Oscar F. Spicer,* District Attorney, for Commonwealth, appellee, at Nos. 720 and 721.

OPINION BY CERCONE, J., September 23, 1974:

The appellants, Francis O. Reese and Larry E. Reese, were indicted on separate bills charging each with robbery and theft. The indictments arose out of an incident that occurred in Hamiltoban Township, Adams County, on September 29, 1973, when the appellants robbed and assaulted Charles M. Singley and Roy E. Currens. Both victims were struck about the head and face by the appellants and as a result sustained injuries requiring treatment. Mr. Currens, in fact, suffered a fractured jaw. Furthermore, currency and personal property having a total value of $300, more or less, was unlawfully taken from the victims.

On January 15, 1974, both appellants, pursuant to plea agreements entered into with the Commonwealth and accepted by the trial court, pleaded guilty to lesser included offenses of the crimes for which they were indicted—two counts each of robbery and theft.

On February 13, 1974, both appellants were sentenced as follows: Francis O. Reese received—on two counts of theft—a term of imprisonment of not less than one and one-half nor more than four years. On two counts of assault Francis Reese received a sentence of not less than one nor more than two years imprisonment, said sentence to run concurrent with the sentence imposed on the theft charges. Larry E. Reese was sentenced to imprisonment for not less than one nor more than two years for receiving stolen property. An identical sentence, to run concurrent with the sentence for receiving, was imposed with respect to two counts of assault.

It is the contention of both appellants that the above-mentioned sentences were excessive.

It is fundamental that, subject to statutory limitations, the extent of a sentence is solely within the discretion of the trial court: *Commonwealth v. Zelnick*, 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963), cert. denied, 377 U.S. 1006, 84 S. Ct. 1943, 12 L. Ed. 2d 1054; *Commonwealth v. Hill*, 453 Pa. 349, 310 A. 2d 88 (1973) ; *Commonwealth v. Cox*, 441 Pa. 64, 270 A. 2d 207 (1970). Moreover, this broad discretion will not be interfered with by the appellate courts, "unless [the sentence] exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment." *Commonwealth v. Wrona*, 442 Pa. 201, 206, 275 A. 2d 78, 80-81 (1971). See also *Commonwealth v. Williams*, 456 Pa. 550, 317 A. 2d 250 (1974) ; *Commonwealth v. Bilinski*, 190 Pa. Superior Ct. 401, 154 A. 2d 322 (1959).

Under the recently enacted Crimes Code,[1] the permissible sentences for crimes of theft are determined by discerning what degree of theft has been committed as defined in Section 3903 of the Crimes Code, and then applying the sentencing provisions of Chapter 11 of the Code to the degree of the theft as fixed in Section 3903.[2] The appellants now assert for the first time on this appeal, however, that Section 3903 of the Crimes Code is unconstitutional as applied to them. In support of this position appellants have cited the unreported case of *Commonwealth v. Watson*, No. 384 October Term, 1973, Court of Common Pleas of the First Judicial District of Penna. (decided January 30, 1974). According to the appellants, *Watson* stands for, *inter alia*, the propo-

[1] 18 Pa. C.S. §101 et seq. (1973).

[2] Section 3903 was derived in principal part from the Model Penal Code §223.1(2). (Proposed Official Draft 1962). For commentary on M.P.C. §223.1(2), the reader should consult M.P.C. §206.-15 (Tent. Draft No. 2, 1954). .

sition that Section 3903 unconstitutionally places the burden of proof upon the defendant to reduce the degree of the theft involved. The appellants' attack on the constitutionality of Section 3903 is limited solely to their citation of *Watson,* and their own interpretation of the significance of that unreported decision. For the following reasons we believe, however, that the appellants' reliance upon *Watson* is misplaced.

Section 3903 of the Crimes Code provides in pertinent part as follows: "(b) Other grades.—Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, *except that if the property was not taken from the person* or by threat, or in breach of a fiduciary obligation, and the actor proves by a preponderance of the evidence that: (1) The amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or (2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree." (Emphasis supplied.)[3]

In general, Section 3903 adopts the principle of selective discrimination in the punishment of theft according to the value of the property unlawfully appropriated. However Section 3903(b) also makes it quite clear that when certain aggravating circumstances are present along with the unlawful taking, then regardless of the amount involved the theft is a misdemeanor of the first degree. One of these aggravating conditions occurs when the property is "taken from the person." The appellants in this appeal do not dispute that the property which was the subject of their theft was "taken

---

[3] On June 17, 1974, Act No. 118 S.B. No. 1506, effective June 17, 1974, amended §3903(b) and (c) by providing for changes in the burden of proof and the manner by which property involved in the theft is to be valued. These amendments, however, do not affect our disposition of the instant appeal for reasons appearing within this opinion.

from the person(s)." Accordingly, the appellants were precluded from being placed in a position whereby they would have the burden of reducing the degree of their culpability. Therefore, *Watson*, is of no aid to the appellant. No burden of proof was ever placed upon them since Section 3903 prescribes that the nature of their theft constituted no less than a misdemeanor of the first degree. In short, we hold that Section 3903 of the Crimes Code is not unconstitutional as applied to the appellants herein.[4]

An individual convicted of a misdemeanor of the first degree may be sentenced to imprisonment for a term not in excess of five years.[5] Quite clearly the respective sentences imposed upon the appellants were neither in excess of the statutory limits, nor were they "so manifestly excessive as to constitute too severe a punishment." *Commonwealth v. Wrona,* supra. Accordingly, we will not interfere with the discretion exercised by the trial court in sentencing the appellants.

Judgment of sentence is affirmed.

---

[4] We express no opinion as to the constitutionality of Section 3903 as applied to defendants who, prior to the amendment of Section 3903 (see Note 2, supra) had the burden of proving the value of the property involved.

[5] 18 Pa. C.S. §1104 (1973).