Commonwealth *v.* Straw, Appellant.

Submitted November 21, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Donald D. Rossetti* and *Gary B. Zimmerman,* for appellant.

*Louis R. Paulick* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 29, 1976:

This appeal follows appellant's conviction, on December 4, 1974, of possession of a prohibited offensive weapon, 18 Pa. C.S. §908,[1] following a jury trial held before Judge WESSEL.

Appellant was tried on a six-count indictment. He was acquitted on charges of failure to stop at the scene of an accident, failure to identify himself at the scene of an accident, failure to render assistance at the scene of an accident, simple assault, and resisting arrest. He was convicted on the remaining charge, possession of a prohibited offensive weapon (a blackjack), and was thereafter sentenced, on January 10, 1975, to thirty days in jail and to pay a fine of $100.00. No post trial motions were filed. The facts of the case are set out in an "Agreed Statement of Facts", Appellant's brief at 3a-6a. In sum, appellant was charged with having passed an unmarked Monroeville Police car at a high rate of speed, and, upon being chased, to have attempted to elude the unmarked car and two marked cars, resulting in his running into one of the marked cars. The blackjack was observed in the front of appellant's car after he was subdued. Appellant claimed he was unaware of the sirens employed or the identity of his pursuers until just before he made contact with a marked car.

Appellant's only argument here is that the sentence imposed was excessive under the circumstances of this

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S. §908 (1973).

case and that the sentence should be vacated and the case remanded for resentencing. He claims that the lower court failed to consider his background and other characteristics in imposing sentence, that the lower court should not have considered the charges of which he was acquitted in imposing sentence, and that he was punished on the basis of the charges of which he was acquitted.

We find no merit in appellant's contentions. The crime of which he was convicted is a misdemeanor of the first degree, allowing imposition of a fine of $10,000.00, 18 Pa. C.S. §1101(3),[2] and imprisonment of up to five years, 18 Pa. C.S. §1104(1).[3] In direct contrast to the severity of the permissible maximums, the sentence imposed was that he pay a fine of $100.00 and be imprisoned for thirty days.

It has long been established that the sentence imposed upon a convicted defendant is within the sole discretion of the sentencing judge, *Commonwealth v. Williams,* 456 Pa. 550, 317 A.2d 250 (1974), and that the lower court's discretion is very broad in the matter of sentencing, *Commonwealth v. Cox,* 441 Pa. 64, 270 A.2d 207 (1970); *Commonwealth v. Rodriquez,* 229 Pa. Superior Ct. 449, 323 A.2d 396 (1974). It is equally well-settled that an appellate court will not find an abuse of that broad discretion, providing that the sentence is within statutory limits, unless the sentence imposed is so manifestly excessive as to inflict too severe a punishment. *Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971); *Commonwealth v. Reese,* 230 Pa. Superior Ct. 471, 327 A.2d 189 (1974); *Commonwealth v. Warner,* 227 Pa. Superior Ct. 291, 324 A.2d 361 *allocatur refused,* 231 Pa. Superior Ct. *xxv* (1974).

---

2. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S. §1101(3) (1973).

3. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S. §1104(1) (1973).

The present sentence is well within the statutory limits and may hardly be considered "manifestly excessive" in view of the maximum penalty allowed by law. Nor is the instant case affected by appellant's argument that the lower court abused its discretion here by considering the other charges and by "failing to consider the background" of the appellant. First, the applicable law allows us to find an abuse of discretion on a sentence within statutory limits only where the sentence is "manifestly excessive so as to inflict too severe a punishment," *Commonwealth v. Riggins*, 232 Pa. Superior Ct. 32, 34, 332 A.2d 521, 522 (1974), and it is not here. Second, there is authority in our case law allowing consideration of previous arrests, *see Commonwealth v. Tisdale*, 233 Pa. Superior Ct. 77, 334 A.2d 722 (1975) ; *Commonwealth v. Shoemaker*, 226 Pa. Superior Ct. 203, 313 A.2d 342 (1973), and concurrent charges, *see Commonwealth v. Tisdale*, supra; *Commonwealth v. Bilinski*, 190 Pa. Superior Ct. 401, 407, 154 A.2d 322, 325 (1959), together with other factors, in imposing sentence. Lastly, Judge WESSEL's opinion states that he *did* consider the pre-sentence report, and the record reflects that counsel for the appellant *had* an opportunity at the Sentence Hearing to further inform the court of appellant's "background and characteristics."

Judgment of sentence affirmed.

———

DISSENTING OPINION BY SPAETH, J.:

Appellant was tried before a jury on a six count indictment and was acquitted on the first five counts (failure to stop at the scene of an accident; failure to identify himself at the scene of an accident; failure to render assistance; assault; and resisting arrest). He was found guilty of possession of a prohibited offensive weapon, and was sentenced to serve 30 days in prison and to pay a fine of $100. The only issue on appeal is the validity of this sentence.

The lower court's own statements at the sentencing hearing show that appellant was sentenced for the very conduct of which he had been acquitted:

"THE COURT: Well, we're cognizant of the fact that ignorance of the law is no excuse. The surrounding circumstances in this case, while this man was charged with violation of the Motor Vehicle Code and simple assault and resisting arrest and the jury brought in a verdict of not guilty as to those counts, it found him guilty of unlawful possession of a prohibitive [*sic*] weapon.

. . . .

We're satisfied from the circumstances that the defendant was certainly involved and knew what was going on when the officers gave chase and chased him around the buildings out there in Monroeville, and when they finally caught up with him and placed him under arrest that, of course, the jury found him not guilty on those charges, but they did find him guilty of possession of a prohibitive weapon; namely, a blackjack.

. . . .

MR. ROSSETTI: Your Honor, I would ask that you reconsider your sentence in the light of the circumstances surrounding this case.

THE COURT: Well, the circumstances surrounding this case are the very reason, basically, that he is committed to jail for thirty days." (Record at 12a, 13a)

The majority reasons that because the sentence imposed is well below the statutory maximum for a misdemeanor of the first degree, it cannot be considered excessive. I do not agree. Any sentence, short or long, based upon charges of which a defendant has been acquitted, may be excessive. *See Commonwealth v. Hewlett*, 223 Pa. Superior Ct. 55, 296 A.2d 846 (1972) (reconsider-

540

ation of sentence ordered where after sentence a prior conviction known to sentencing judge is set aside).

A similar issue was presented in *Commonwealth v. Lockhart*, 223 Pa. Superior Ct. 60, 296 A.2d 883 (1972) (WRIGHT, P.J., and WATKINS, J., dissented). There, the defendant had been convicted on two indictments. Concluding that only one offense was involved, we quashed one indictment and remanded for resentencing on the remaining convictions:

> "As conviction on this one count was constitutionally invalid, the cause should be remanded for resentencing on the remaining valid convictions. Recently, Circuit Judge FRIENDLY made a similar recommendation, saying: 'When the invalidity of the conviction on one count which may have influenced the sentence becomes apparent on an appeal, whether on direct or collateral attack, the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid ones.' *McGee v. United States*, 462 F.2d 243, 246 (2d Cir. 1972)." *Id.* at 65, 296 A.2d at 886.

*See also Commonwealth v. Tisdale*, 233 Pa. Superior Ct. 77, 83, 334 A.2d 722, 725 (1975) (concurring and dissenting opinion by SPAETH, J., joined by HOFFMAN, J.)

I would therefore remand for resentencing.