375 A.2d 122

**COMMONWEALTH of Pennsylvania**

v.

**Gerald Eugene NORRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

---

332

John P. Lawler, Public Defender, Stroudsburg, for appellant.

James Frederick Marsh, District Attorney, Stroudsburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant's sole contention is that his sentence is so manifestly excessive as to constitute too severe a punishment.

In March of 1976 the District Attorney of Monroe County filed an information charging appellant with three counts of rape, four counts of burglary, one count of attempted rape, and one count of indecent assault. All of the offenses were committed in Monroe County during June of 1973. Some time after the commission of the Monroe County crimes appellant was arrested in New Jersey on a rape charge.[1] Appellant pleaded guilty to the New Jersey charge and was sentenced under that state's Sexual Offender Act (N.J.S.A. 2A:164–3 et seq.) to an indeterminate term of ten years maximum confinement in a special treatment center.

Appellant was subsequently returned to Pennsylvania where on April 1, 1976, he entered a plea of guilty to one of the Monroe County rape charges. On May 14, 1976, following a pre-sentence investigation, appellant was sentenced to a prison term of ten to twenty years commencing upon his completion of the New Jersey sentence. This appeal ensued.

It has long been established that the imposition of sentence rests solely within the broad discretion of the sentencing judge. *Commonwealth v. Williams,* 456 Pa. 550, 317 A.2d 250 (1974). It is equally well-settled that an appellate court will not find an abuse of that broad discretion, provided that the sentence is within statutory limits, unless the sentence imposed is so manifestly excessive as to

1. The record does not disclose the exact date this crime occurred.

inflict too severe a punishment. *Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971); *Commonwealth v. Reese,* 230 Pa.Super. 471, 327 A.2d 189 (1974); *Commonwealth v. Warner,* 227 Pa.Super. 291, 324 A.2d 361 allocatur refused, 231 Pa.Super. XXV (1974). *Commonwealth v. Straw,* 238 Pa.Super. 535, 536, 361 A.2d 427, 428 (1976).

■ Rape, being a felony of the first degree (18 Pa.C.S. § 3121), is punishable by a maximum sentence of twenty years imprisonment (18 Pa.C.S. § 1103). Instantly, appellant received the maximum sentence of ten to twenty years. It is argued that this sentence is manifestly excessive because it does not commence until appellant has completed serving his New Jersey sentence of one day to ten years. Appellant stresses that pursuant to New Jersey's Sex Offender Act, supra, he is presently confined in an institution for "a program of specialized treatment for his mental and physical aberrations." (N.J.S.A. 2A:164–5). Appellant contends that the treatment and therapy he is currently receiving is sufficient punishment for not only the rape he committed in New Jersey, but also the admitted rape in Pennsylvania. In other words, it is apparently appellant's position that the sex offenses committed in both states stemmed from the same causes and aberrations for which he is currently receiving specialized treatment and, therefore, he should not be compelled to serve a prison sentence in Pennsylvania after New Jersey has found him ready to return to society. Notwithstanding appellant's contentions, we do not view his sentence as so manifestly excessive as to constitute too severe a punishment.

■ Initially, it is clear that a sentencing judge has the discretion to impose consecutive sentences for multiple convictions. *Commonwealth v. Marker,* 231 Pa.Super. 471, 331 A.2d 883 (1974). See also Pa.R.Crim.P., Rule 1406; and 18 Pa.C.S. § 1361(b). As we have previously observed, "we are not prepared to find that one who commits multiple crimes in sister states earns a constitutional immunity from punishment in each state." *Commonwealth v. Daymude,* 227 Pa.

Super. 115, 117, 323 A.2d 264, 265 (1974). Furthermore, while we approve of New Jersey's enlightened efforts to rehabilitate sex offenders, it is obvious that there is no assurance that the specialized treatment appellant is currently receiving will prove effective. And, in the event treatment does not prove successful, New Jersey would have no power to detain appellant at the expiration of his ten year sentence.[2] (N.J.S.A. 2A:164–6). In light of this possibility alone we cannot view the sentence *sub judice* as manifestly excessive.

Furthermore, appellant's prior record and background indicate the sentence was proper. The pre-sentence investigation disclosed that in 1962 appellant was arrested in Monroe County on twenty-eight counts of burglary, and following a guilty plea he received a prison sentence of five to ten years. Only two months later he was convicted of prison breach. In 1968 he was paroled.

In addition, despite appellant's protestations to the contrary, we believe a Pennsylvania sentence that would run concurrent to the New Jersey sentence would unduly depreciate the gravity of his crime. In this connection, the victim of the rape in Monroe County testified that appellant threatened her with death if she did not comply with his demands.

Finally, we entertain no doubt that the sentencing judge gave thoughtful and thorough consideration to his decision. As that judge stated: "In imposing sentence, the Court considered the gravity of the offense committed. We considered also the other sexual offenses committed in New Jersey and the similar offenses committed in Pennsylvania. We are completely convinced that to place the Defendant on

2. It should also be noted that under the New Jersey Sex Offender Act a person committed pursuant to that Act may be released under parole supervision when it appears to the appropriate authorities "that such person is capable of making an acceptable social adjustment in the community." (N.J.S.A. 2A:164–8). Thus, theoretically appellant could be released from confinement in New Jersey well before the expiration of his ten-year term. Indeed, at the Pennsylvania sentencing hearing appellant stated, "I will be under this program for approximately five years."

parole, upon his release from the New Jersey offense, would be dangerous to the public safety."

While the sentence was admittedly stiff, we are satisfied that it was not so manifestly excessive as to constitute too severe a punishment.

Judgment of sentence affirmed.