Commonwealth *v.* Kuykendall, Appellant.

458

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert E. Campbell,* Public Defender, for appellant.

*Oscar F. Spicer,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., December 11, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Adams County by the defendant-appellant Earl William Kuykendall, after his entry of a plea of guilty to the crime of receiving stolen goods.

The original charges against the defendant were burglary and theft and the court ultimately agreed to accept a plea of guilty of receiving stolen goods as a result of a plea bargain at pre-indictment arraignment. There is no question that the plea was intelligently, knowingly and voluntarily entered. At the defendant's request, he was sentenced immediately to a term of not less than one (1) year nor more than two (2) years in a correctional institution.

The crime for which he was sentenced is a theft related offense and as such the penalties pursuant to it are controlled by Section 3903 of the Pennsylvania Crimes Code. This section provides for a grading system for all theft related offenses. Whether the crime is a felony of the third degree depends upon what was stolen and the value of what was stolen. The appellant contends that the statute is unconstitutional because it places the burden of proving the value of the goods stolen upon the defendant, thus improperly shifting the burden on the defendant in a criminal case.

On June 17, 1974, the Legislature enacted Act No. 118 S.B. No. 1506 amending Section 3903 of the Crimes Code to provide for a change in the burden of proof regarding the grading of theft-related offense. It is now the Commonwealth's burden to prove the amount or value of the goods stolen.

However, under the circumstances of this case, we do not find it necessary to decide the constitutionality of the former Section 3903 since the appellant pleaded guilty, as a result of a plea bargain, to receiving stolen goods, a second degree misdemeanor. The defendant

had been charged with burglary and theft but these charges had been dropped in return for the plea of guilty to receiving stolen goods. Thus, the defendant in this case never had the burden of proving the value of what was stolen. It is not proper to allow a defendant to enter into plea bargaining, plead guilty pursuant thereto and then, on appeal, raise an issue for the first time as to the constitutionality of the act defining the offense. Merely because the penalties for that offense might change at some time in the future is no reason to invalidate his plea when they do change. *Brady v. United States,* 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). Therefore, we hold that the defendant has no standing to challenge his plea on this ground at this time. See also, the reasoning in *Commonwealth v. Reese,* 230 Pa. Superior Ct. 471, 327 A.2d 189 (1974).

The defendant also claims that his sentence was excessive in that he received a longer sentence than his co-defendants. Subject to statutory limitations, the extent of a sentence is solely within the trial judge's discretion. *Commonwealth v. Cox,* 441 Pa. 64, 270 A. 2d 207 (1970). The exercise of this discretion will not be reversed by an appellate court unless the sentence exceeds the statutory limits or is so unduly excessive as to constitute too severe a punishment. *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971). Since the sentence here was within statutory limits and since we find no evidence of such an excessive sentence as would constitute too severe punishment we hold that the sentence was proper.

Judgment affirmed.

HOFFMAN, J., concurs in the result.