**STATE of Maine**

**v.**

**Richard VAN REENAN.**

Supreme Judicial Court of Maine.

April 5, 1976.

 

Thomas A. Berry, Asst. Dist. Atty., Wiscasset, John D. Clifford, IV, Law Student, for plaintiff.

Joseph Steinberger, Wiscasset, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The defendant was convicted of violating 29 M.R.S.A. § 1312(10), operating a motor vehicle while under the influence of alcohol, in the Superior Court in Lincoln County on November 14, 1974. From an agreed statement of facts submitted to this Court we learn that the defendant was arrested in Wiscasset by an officer of the Maine State Police on the charge of operating a motor vehicle while under the influence of alcohol. The legality of the arrest is not in question. After his arrest, defendant was brought to the Lincoln County Sheriff's Office where the arresting officer read him the following statement:

"You are entitled to a blood or breath test for the purpose of determining the alcoholic content of your blood. You must select or designate either the blood or breath test. I must advise you that your refusal to take one of these tests, blood or breath, requested by me, will result in your license and/or right to operate being suspended. Such suspension shall be for a period of 3 months in the case of a first refusal or 6 months in the case of a second or subsequent refusal under the current law or any prior implied consent provision under Maine law. The expenses for any test taken at my request will be paid for by the State. The results of any test taken will be made available to you or to your attorney, if requested."

The defendant submitted to the breath test, the results of which were later determined

by a State chemist to indicate a blood alcohol level of 00.12%.

At trial, testimony by the arresting officer about the administration of the test and testimony by the chemist as to the results of the test were offered by the State. The defendant objected asserting that Maine's Implied Consent Law [1] violated on its face the right to due process guaranteed by the Constitution of the United States because it provides that the driver's license of a person who refuses to submit to a blood or breath test will be suspended *without hearing*. The evidence was admitted. The defendant appealed his conviction.

The issues raised by defendant on appeal are whether Maine's Implied Consent Law violated the defendant's right to due process under the fifth amendment or the prohibition against unlawful search and seizure under the fourth amendment of the United States Constitution and, if so, whether evidence obtained pursuant to that law is admissible against the defendant. We find no constitutional violation and deny the appeal.

The defendant attempts to attack the constitutionality of the statute both fa-

cially and in its application to his case. The defendant's complaint is within the purview of the general rule, well-established in this and other jurisdictions, that one who attacks the constitutionality of a statute must actually be deprived of a constitutional right by the legislation of which he complains. *City of Auburn v. Mandarelli,* Me., 320 A.2d 22 (1974); *Look v. State,* Me., 267 A.2d 907 (1970); *Mills v. Trans Caribbean Airways, Inc.,* Del.Supr., 272 A.2d 702 (1970); *Rhode Island Ophthalmological Society v. Cannon,* R. I., 317 A.2d 124 (1974). The defendant must, through the operation of the challenged statute or action taken pursuant to it, either have incurred some injury in fact or be in an imminent danger of incurring such injury that would give him a personal stake in the controversy before he may assert the claims of the public at large. *Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *United States v. Students Challenging Regulatory Agency Procedures,* 412 U.S. 669, 93 S.Ct. 2405, 37 L. Ed.2d 254 (1973).

It is necessary that we examine carefully the precise nature of the defendant's attack

---

[1]. 29 M.R.S.A. § 1312(1) and (2) states in relevant part:

"1. Prerequisites to tests. Before any test specified is given, the law enforcement officer shall inform the arrested person of the consequences of refusal to permit a test at the direction of the law enforcement officer. If the law enforcement officer fails to comply with this prerequisite, any test results shall be inadmissible as evidence in any proceeding before any administrative officer or court of this State.

2. Hearing. If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test to determine his blood-alcohol level by analysis of his blood or breath, none shall be given. The Secretary of State, upon the receipt of a written statement under oath of the arrest of a person for operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor, and that such person refused to submit to a chemical test to determine his blood-alcohol level by analysis of his blood or breath, shall immediately notify the per-

son, in writing, as provided in section 2241 that his license or permit and his privilege to operate have been suspended. Such suspension shall be for a period of 3 months for a first refusal under this or any prior implied consent provision under Maine law. If such refusal is a 2nd or subsequent refusal under this or any prior implied consent provision under Maine law, such suspension shall be for a period of 6 months.

If such person desires to have a hearing, he shall notify the Secretary of State within 10 days, in writing, of such desire. Any suspension shall remain in effect pending the outcome of such hearing, if requested. The scope of such a hearing shall cover whether the individual was lawfully placed under arrest and whether he refused to submit to one of the tests upon the request of a law enforcement officer. If it is determined, after hearing when such is requested that such person was not arrested or did not refuse to permit a chemical test to determine his blood-alcohol level by analysis of his blood or breath, any suspension in effect shall be removed immediately."

upon the statute and the position from which he launches the attack. He concedes the authority of the police—before the enactment of the statute—to take a specimen from a subject who has been lawfully arrested for Operating Under the Influence as an incident to a lawful arrest, if it is reasonably done. *Schmerber v. Cal.*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966); *Opinion of the Justices,* Me., 255 A.2d 643 (1969). He apparently does not dispute the right of the state to require by statute that arrested persons submit to the taking of a specimen upon proper police demand. He agrees that the Legislature may constitutionally provide proper sanctions against such arrested persons who refuse to provide such specimen.

The fault which he finds with the Maine statutory scheme is that the sanction provided by the Maine statute—the suspension of right to operate—is applied without notice and opportunity to be heard,[2] which he contends denies due process.

When we superimpose upon this rationale the holding of this Court in *State v. Shepard*, Me., 323 A.2d 587 (1974) (with which the defendant has found no fault) that *consent* to the taking of the specimen is found, per se, in the antecedent act of operating the motor vehicle, the defendant's position becomes clear. He is claiming that his *submission*—not his consent— was coerced by threat of a sanction which the State may not properly impose without notice and hearing.

■ However, the defendant is not attacking an imposition of this sanction upon him. He fully complied with the statute by submitting to this test. Indeed, an arrested driver has no *right* to deny the State the use of the specimen for the test which the Legislature has determined to be required of all citizens so arrested. The Legislature has simply made a policy decision that upon an arrested driver's refusal to submit to the test, the State should forego the use of force to obtain the specimen and, instead, should rely upon the sanction of suspension to persuade arrested drivers to submit and to influence other drivers to maintain sobriety.

But, although this defendant had no *right* to refuse to submit, he had a practical choice under the law—that of either submitting or accepting any punishment *properly* provided for defiance of the law. *State v. Granville,* Me., 336 A.2d 861 (1975). He chose to comply with the law and made the specimen available. His choice was an informed choice, unlike that in *Granville,* and the alternatives which were presented to him were clear. The alleged constitutional insufficiency was of a type capable of being judicially resisted and the defendant was not obliged to submit in order to escape irreversible harm. If he had preferred to refuse to submit to the taking of the specimen he was free to have done so and then to have attacked the statute by seeking to enjoin the Secretary of State from suspending his right to operate without first giving him a notice and hearing.[3] Instead, he chose to comply with the statute and furnished the specimen, thus removing any possibility of his suffering the summary suspension of which he complains. *See Commonwealth v. Kuykendall,* 231 Pa.Super. 457, 331 A.2d 686 (1974).

■ Having made the choice to comply with the statute, can he now attack its constitutionality? We think not. He faces none of the sanctions of which he now complains. We conclude that his appeal presents no due process issue.

■ The defendant further contends, however, that "a search of the person

---

2. The statute does provide for a hearing, if requested by the defendant, after suspension.

3. This was the procedure followed by an arrested driver in attacking a similar provision for suspension in the South Dakota Implied Consent Law. *Holland v. Parker*, D.C., 354 F.Supp. 196 (1973).

which is effected by the threat of sanctions forbidden by the Fifth Amendment is for this reason also an unreasonable search under the Fourth Amendment."

The defendant does not suggest that he was not validly arrested for the offense of operating under the influence of alcohol (29 M.R.S.A. § 1312(10)(B)) and thus an appropriate subject for the application of the statute. Instead, he argues that the breath test which he made available to the officer was "the fruit of a procedure which violated his right to due process under the Fifth Amendment" and was "effected by the threat of sanctions forbidden by the Fifth Amendment [that is, without notice and hearing]" and thus the result of an illegal search and seizure.

The facts underlying this appeal are presented to us in the form of an agreed statement. We have examined this carefully. We have in mind that the defendant "consented" when he drove the vehicle on the highway (*State v. Shepard,* supra) but we agree that his decision, contemporary with his arrest, to submit to the taking of the sample must not result from any governmental coercion other than that provided validly by the statute. We do not find in the agreed statement any evidence that the defendant's submission to the taking of the specimen, to which he had already impliedly consented, was in any way a result of the statute's provision that the Secretary of State would suspend his right to operate without notice or hearing if he refused to comply with the statute. His decision to submit the specimen could as well have resulted from an erroneous belief that the result of the test would prove favorable to him or from his conclusion that, otherwise, he would eventually suffer the sanctions, anyway. He has not shown that he was adversely affected by the particular statutory provision, the constitutionality of which he would attack, and he stands in no imminent danger of its being applied to him.

The entry will be:

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concurring.