**STATE of Maine**

v.

**John R. JOHNSON.**

Supreme Judicial Court of Maine.

Nov. 9, 1976.

David M. Cox, Dist. Atty., Paul W. Chaiken, Asst. Dist. Atty., Bangor, for plaintiff.

William E. Macdonald, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WER-

---

\* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

NICK, ARCHIBALD, and DELAHANTY, JJ.

ARCHIBALD, Justice.

This appeal raises a basic issue, namely, on the stipulated facts did a police officer have any legal right to stop the defendant for investigative purposes? We believe he did and deny the appeal.

At the District Court level the defendant moved to suppress a blood test taken pursuant to 29 M.R.S.A. § 1312, the so-called "Implied Consent" statute.[1] The District Court Judge refused to suppress the results of the blood test and filed the following "Statements of Facts":

"John R. Johnson was arrested on the 25th day of October, 1974, on North Main Street in Old Town, by Sergeant Marquis of the Old Town Police Department for operating under the influence of intoxicating liquors.

On February 3, 1975, a Motion to Suppress the blood test was heard in District Court, and was denied. Thereafter, Mr. Johnson was found guilty.

Mr. Johnson contended that the officers lacked probable cause to stop him in the first instance, thereby rendering inadmissible any tests taken thereafter.

The evidence disclosed that Sergeant Marquis and another officer were patrolling the streets of Old Town in their cruiser. They saw Mr. Johnson's truck double parked, and the only occupant therein conversing with other people from the passenger side window. As they passed the vehicle, Sergeant Marquis recognized Mr. Johnson, who turned and looked at them. Sergeant Marquis testified that Mr. Johnson's face appeared flushed, and his hair was abnormally disheveled. A decision was made at this point to stop and investigate, the

---

1. This act has been deemed constitutional. *See State v. Shepard*, 323 A.2d 587 (Me.1974). *See also State v. Van Reenan*, 355 A.2d 392 (Me.1976).

officers admitted; but it was necessary to go 'around the block' to do so.

Upon again approaching the Johnson truck with the enforcement lights on from behind, Mr. Johnson started to drive away. At this time, the vehicle was stopped."

A Justice of the Superior Court denied an appeal from the District Court conviction, from which decision the appeal now before us germinated.

For purposes of clarity, we emphasize what is *not* being argued on appeal. First, the defendant does not contend the officer lacked probable cause *to arrest,* once having stopped him. Secondly, there is no dispute over *taking the blood test* if it is assumed the arrest followed a lawful investigative stop. The defendant simply argues that since the officers, on the facts, had no right to stop him in the first instance, the blood test when ultimately taken became inadmissible.[2]

The issue, as we have thus delimited and defined it, becomes whether there were sufficient "specific and articulable facts" underlying the *stop* of the defendant to meet the mandate of *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968).

What were these facts?

1) Defendant's vehicle was "double parked" on a public street.[3]

2) Defendant was recognized by the police as the sole occupant therein.

3) Defendant's face appeared flushed.

4) Defendant's hair was "abnormally disheveled."

Were these facts sufficient to "warrant a man of reasonable caution in the belief" that the action taken, namely, stopping the defendant for investigative purposes, was appropriate? 392 U.S. at 22, 88 S.Ct. at 1880. We think they were. What would be minimally expected of one invested with police powers who observed a person evidencing two of the classic symptoms of intoxication, being alone in a motor vehicle, on a public highway, and in apparent violation of parking regulations? Common sense under such conditions dictates the answer, namely, stop the vehicle and investigate the condition of the driver.[4] The public safety requires no less.

The entry is:

Appeal denied.

All Justices concurring.

2. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

3. "Such law enforcement officer if in uniform and if he has probable cause to believe that a violation of law has taken or is taking place may, at any time, stop a motor vehicle for the purpose of arresting or questioning the owner or occupant thereof, or for the purpose of searching said motor vehicle." 29 M.R.S.A. § 2121.

4. This result is entirely consistent with that reached by us in *State v. Fitzherbert,* 361 A. 2d 916 (Me.1976), and in *State v. Babcock,* 361 A.2d 911 (Me.1976).