J-S34033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW DANIEL WOODHAM | |
| Appellant | No. 1368 MDA 2015 |

Appeal from the PCRA Order June 29, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001321-2008
CP-40-CR-0001322-2008
CP-40-CR-0001323-2008

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED MAY 24, 2016**

Appellant Andrew Daniel Woodham appeals from the order entered in the Luzerne County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. Appellant's counsel filed a **Turner/Finley**[1] brief with this Court and a motion seeking permission to withdraw as counsel.  We affirm and grant counsel's motion.

On January 8, 2010, a jury found Appellant guilty of third-degree murder, propulsion of missiles into an occupied vehicle, criminal attempt to

---

[1]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

commit criminal homicide, aggravated assault, and two counts of recklessly endangering another person ("REAP").[2]

On April 14, 2010, the trial court sentenced Appellant to an aggregate sentence of 27 to 54 years' imprisonment.[3]   On April 23, 2010, Appellant filed a timely post-sentence motion, which the trial court denied on June 17, 2010.   Appellant filed an appeal, and this Court affirmed the judgment of sentence on November 9, 2011.   On August 8, 2012, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On July 29, 2013, Appellant filed a pro se PCRA petition.   Counsel was appointed, and, on November 18, 2014, counsel submitted a supplemental PCRA petition.   The PCRA court held an evidentiary hearing and the parties submitted post-hearing submissions.   On June 29, 2015, the PCRA court denied the petition.

_____

[2] At docket number CP-40-CR-0001321-2008, Appellant was found guilty of murder in the third degree, 18 Pa.C.S. § 2502(c), and propulsion of missiles into an occupied vehicle, 18 Pa.C.S. § 2707(a).  At docket number CP-40-CR-0001322-2008, Appellant was found guilty of criminal attempt (homicide), 18 Pa.C.S. § 901(a), 2502, aggravated assault, 18 Pa.C.S. § 2702(a)(1), and REAP, 18 Pa.C.S. § 2705.  At docket number CP-40-CR-0001323-2008, Appellant was found guilty of REAP.

[3] The trial court imposed the following sentences:  a 15-30 year term of imprisonment for the third-degree murder conviction, a concurrent 1-2 year term of imprisonment for the propulsion of missiles conviction, a consecutive 12 to 24 year term of imprisonment for the attempt to commit homicide conviction, a concurrent 6 to 12 year term of imprisonment for the aggravated assault conviction, and concurrent 1 to 2 year terms of imprisonment for the REAP convictions.

On July 29, 2015, Appellant filed a timely notice of appeal. The PCRA court appointed new counsel. The PCRA court did not order, and Appellant did not file, a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925. On August 20, 2015, the PCRA court issued an order adopting its June 29, 2015 order and opinion as containing the reasons for its denial of the PCRA petition. On January 21, 2016, counsel filed a **Turner/Finley** brief with this Court and a motion seeking permission to withdraw.

Before we may address the merits of Appellant's claim, "we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation." **Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa.Super.2014). Competent PCRA counsel must conduct an independent review of the record before we can authorize counsel's withdrawal. **Id.** The independent review

> requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**Id.** (internal citation omitted).

PCRA counsel must also serve a copy of counsel's petition to withdraw as counsel and the 'no-merit' brief on petitioner and write a letter advising the petitioner that he or she has the right to proceed *pro se* or with the assistance of privately retained counsel. **Commonwealth v. Widgins**, 29

- 3 -

A.3d 816, 818 (Pa.Super.2011) (quoting *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006), *abrogated in part by* *Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa.2009)).

PCRA appellate counsel filed a *Turner/Finley* brief. Counsel reviewed the record and the applicable law, listed the issues Appellant wished to have examined, and explained why the issues are meritless. Counsel also mailed a copy of the no-merit brief and a copy of his motion seeking permission to withdraw as counsel to Appellant and informed Appellant of his right to proceed *pro se* or with privately-retained counsel to raise any points he deemed worthy of consideration. Petition to Withdraw as Counsel at Exh. 1, Letter from Michael P. Kelly, Esq. to Andrew Daniel Woodham dated January 18, 2016. Counsel has substantially complied with the dictates of *Turner/Finley*.

Appellant did not submit a *pro se* appellate brief or a brief by private counsel. We will, therefore, address the merits of the claims raised in the *Turner/Finley* brief:

> I. Whether the PCRA court erred in denying [Appellant's] claim that the Criminal Code is not properly codified and thus invalid.
>
> II. Whether the PCRA court erred in denying [Appellant's] claim that the murder statute was vague and provides for an offense but not a penalty.
>
> III. Whether trial counsel was ineffective in failing to request that the court make all sentences concurrent.
>
> IV. Whether the jury was tainted due to "what they knew or what they may have seen on TV".

- 4 -

***Turner/Finley*** Brief at 1.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

The first issue raised in the ***Turner/Finley*** brief maintains the criminal code was not properly codified. The PCRA court explained:

> Pursuant to 1 Pa.C.S. § 1101(a), all statutes are required to begin, "The General Assembly of the Commonwealth hereby enacts as follows." The Clause is required to appear "immediately after the preamble or the table of contents of the statute." 1 Pa.C.S. § 1101(a). A review of the official codification of the Pennsylvania Criminal Code enacted by the General Assembly reveals the enacting clause before the table of contents for Title 18. Thus, Woodham's claim is devoid of merit and must be dismissed.

Opinion, 6/29/2015, at 2-3 ("PCRA Opinion"). The PCRA court's determination is free of legal error.

The next issue raised in the ***Turner/Finley*** brief is that the murder statute is vague and provides for an offense, but no penalty. The PCRA court found:

> [Appellant] provides no precedential support or legal authority for this claim. The [c]ourt is mindful that a lawfully enacted statute, as is the present Murder statute, commands a presumption of constitutionality and should be upheld unless it clearly, palpably, and plainly violates the Constitution. ***Commonwealth v. Blystone***, [549 A.2d

281 (Pa.Super.1990)]. Accordingly, without support for this contention, [Appellant's] claim must fail.

PCRA Opinion at 3. The PCRA court's determination is supported by the record and free of legal error.

Appellant next claims trial counsel was ineffective for failing to request that the trial court order that all sentences run concurrent to each other. For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa.2014) (quoting ***Commonwealth v. Ali****,* 10 A.3d 282, 291 (Pa.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Ousley***, 21 A.3d at 1244 (quoting ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." ***Id.*** (quoting ***Rivera***, 10 A.3d at 1279).

The trial court found:

> [Appellant] was sentenced to an aggregate sentence of []a minimum of twenty-seven (27) years to a maximum of fifty-four (54) years of incarceration. The [t]rial [c]ourt sentenced [Appellant] to consecutive terms of incarceration on the lead charges at Information number 1321 and Information number 1322; the remaining charges were to run concurrent with, and not consecutive to, the sentence imposed therein. This issue raised by [Appellant] presumes that if such a request for totally concurrent sentences had been made, it would have been granted. This is not factual. Employing the third prong of the ineffectiveness standard set forth above, even if a

totally concurrent sentence had been requested, there is no probability that the request would have been granted. It is hornbook law that the imposition of sentence lies within the sole discretion of the sentencing judge. **See[] Commonwealth v. Williams**, [317 A.2d 250 (Pa.1974)]. As was demonstrated by its imposition of concurrent sentences on the charges at Information No. 1321 (Count 2), Information No. 1322 (Counts 2 and 3) and also on the charge at Information No. 1332, the Court demonstrated complete awareness of its discretion to impose a concurrent sentence when justified. The [t]rial [c]ourt's determination that consecutive sentences were warranted on the lead charges of Information Nos. 1321 and 1322, as state above, would not have changed even if such a request for totally concurrent sentences had been made. Accordingly, [Appellant's] claim is rejected.

PCRA Opinion at 3-4. The PCRA court's finding that Appellant failed to establish he suffered prejudice for any alleged failure to request concurrent sentences is supported by the record.

The fourth issue raised in the **Turner/Finley** brief is that the jury was tainted due to "what [they] knew or what they may have seen on TV." The PCRA court noted that the trial court employed an individualized method of voir dire and allowed the trial court, defense counsel, and the prosecution to ask questions of potential jurors. PCRA Opinion at 5. If a potential juror indicated he or she had prior knowledge, the juror was questioned to determine whether they could serve as jurors and be fair and impartial. **Id.** If a juror indicated that he or she could not be fair and impartial, the juror was dismissed for cause. **Id.** Further, the jurors were instructed to inform the court if they heard reports of the case or if they heard that another juror had heard reports of the case. **Id.** No violation of the instruction was

brought to the court's attention. *Id.* The court, therefore, found the claim of juror bias lacked merit. *Id.* The PCRA court's determination is supported by the record and free from legal error.

Our independent review of the record has revealed no meritorious claims that Appellant could have raised, and we agree with counsel that this appeal lacks merit. Accordingly, we affirm the order dismissing the PCRA petition and grant counsel's motion seeking permission to withdraw.

Order affirmed. Motion to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016