J-S72006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALVIN AUSTIN, | |
| Appellant | No. 327 EDA 2017 |

Appeal from the Judgment of Sentence Entered December 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0006068-2008
CP-51-CR-0106211-2005

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:             **FILED JANUARY 09, 2018**

Appellant, Alvin Austin, appeals from the judgment of sentence of an aggregate term of 2½ to 5 years' incarceration, imposed on December 16, 2016, after his term of probation was revoked.  On appeal, Appellant raises one issue challenging the discretionary aspects of his revocation sentence. After careful review, we affirm.

We need not reiterate the facts and procedural history of Appellant's case, as the trial court provided a detailed summary in its Pa.R.A.P. 1925(a) opinion.  **See** Trial Court Opinion, 2/27/17, at 1-5.  Herein, Appellant presents the following issue for our review:

_____

[*] Former Justice specially assigned to the Superior Court.

Was not the sentence of two and a half to five years['] total confinement for technical violations of probation manifestly excessive and grossly disproportionate to the conduct at issue, namely [Appellant's] drug addiction, and not in conformity with the requirements of the Sentencing Code in that it was far in excess of what was necessary to foster [A]ppellant's rehabilitation?

Appellant's Brief at 3.

We have examined the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the opinion of the Honorable Genece Brinkley of the Court of Common Pleas of Philadelphia County. We conclude that Judge Brinkley's extensive, well-reasoned opinion accurately disposes of the issue presented by Appellant. Accordingly, we adopt her opinion as our own and affirm the judgment of sentence on the grounds set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/18

- 2 -



IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH        :        CP-51-CR-0106211-2005
                                    CP-51-CR-0006086-2008

                    :

vs.



CP-51-CR-0106211-2005 Comm. v. Austin, Alvin
Opinion

ALVIN AUSTIN        7911728721        SUPERIOR COURT
                                    327 EDA 2017

BRINKLEY, J.                        FEBRUARY 27, 2017

## OPINION

Defendant Alvin Austin appeared before this Court for a violation of probation hearing and was found to be in technical violation of his probation. This Court revoked probation and sentenced him to 2½ to 5 years state incarceration. Defendant appealed the judgment of sentence to the Superior Court and raised the following issue on appeal: (1) Whether the sentence imposed was unreasonable and manifestly excessive.

## PROCEDURAL HISTORY AND FACTS

On March 9, 2005, Defendant appeared before this Court and pled guilty to possession with intent to deliver a controlled substance (PWID). On that same day, this Court sentenced him to a negotiated sentence of 6 to 23 months county incarceration plus 1 year reporting probation with immediate parole. Defendant subsequently absconded from supervision and wanted cards were issued for his arrest on October 18, 2005. On September 2, 2006, Defendant was arrested. On October 6, 2006, Defendant appeared before this Court for a violation of probation/parole

1

hearing and was found to be in technical violation of his probation/parole. This Court revoked parole and sentenced him to serve the balance of his back time. (N.T. 12/16/2016 p. 3).

On August 13, 2007, Defendant was paroled. On March 12, 2008, Defendant was arrested and charged with PWID. On February 18, 2009, Defendant pled guilty. On May 29, 2009, this Court sentenced Defendant to 2 years in the Intermediate Punishment (IP) Program followed by 2 years' probation. On that same day, this Court found Defendant in direct violation of his probation on his previous PWID charge and sentenced Defendant to 2 years in the IP Program plus 5 years' probation. The sentences on both charges were to run concurrent with one another, for a total aggregate sentence of 2 years in the IP Program plus 5 years' probation. Defendant was warned at that time that he would receive a sentence of state incarceration if this Court found him in violation of his probation again. Id. at 4-5.

On March 16, 2011, Defendant was released from custody and subsequently tested positive for marijuana for 4 consecutive months. Defendant then absconded from supervision again and wanted cards were issued for him on October 6, 2011. On November 4, 2011, Defendant appeared before this Court for a violation of probation hearing and was found to be in technical violation of his probation. This Court revoked probation and sentenced him to 11½ to 23 months county incarceration plus 4 years' probation on his 2005 PWID charge and to 11½ to 23 months county incarceration plus 6 years' probation on his 2008 PWID charge. The sentences on both charges were to run concurrent with one another, for a total aggregate sentence of 11½ to 23 months county incarceration plus 6 years' probation. Defendant was once again warned at that time that he would receive a sentence of state incarceration the next time that this Court found him in violation of his probation. Id. at 5.

On June 26, 2012, Defendant was released from custody to the Wedge Medical Center.

2

Defendant subsequently absconded from supervision for a third time and wanted cards were issued for him on May 16, 2013. Defendant remained in absconding status until he was arrested on his wanted cards in July 2016. On August 1, 2016, Defendant appeared before the Honorable Timika Lane, who was sitting for this Court. At that time, Judge Lane continued probation and scheduled a status hearing for Defendant on November 14, 2016. On November 14, 2016, Defendant failed to appear and this Court continued the matter to November 17, 2016 so that defense counsel could locate Defendant. On November 17, 2016, Defendant failed to appear again and a bench warrant was issued by this Court. Id. at 5-6.

On December 16, 2016, this Court held a violation of probation hearing for Defendant. Defendant was represented at the hearing by Sandra Barrett, Esquire, while the attorney for the Commonwealth was Kelly Harrell, Esquire. After this Court reviewed its history with Defendant, it read the report prepared by Probation Officer Veronica Shelton ("Shelton") on November 10, 2016 onto the record. According to the report, Defendant tested positive for cocaine and marijuana on September 14, 2016. The report also noted that Defendant failed to appear for his appointment with the Probation Department on August 15 but appeared on August 23. At that time, Defendant reported that he had opened his own business and had obtained additional employment to supplement his income. He also reported that he had obtained his diploma and would bring verification with him to Court on November 14. Shelton recommended that probation be revoked and wanted cards issued should Defendant fail to appear for his scheduled status hearing, as ultimately happened. Id. at 6-7.

Ms. Barrett, on behalf of Defendant, noted that Defendant resided with his partner and their two young children. Ms. Barrett further noted that Defendant operated a seasonal business with his partner and also worked at a dollar store during the period in which he was absconding.

3

Ms. Barrett noted that Defendant had incurred no new arrests since March 2008 and had been attending the Options program and Narcotics Anonymous since he was re-incarcerated. Ms. Barrett claimed that Defendant had relapsed and then failed to report to Probation because he knew he had tested positive. Ms. Barrett further claimed that Defendant was hospitalized as a result of a car accident in November and that he turned himself in once he discovered that there was a warrant for his arrest. Ms. Barrett argued that Defendant had acknowledged that he needed help with his drug addiction and that he had taken steps since his incarceration in addressing his drug problem. Ms. Barrett further argued that Defendant had not sold drugs for the past nine years and a county sentence with an opportunity to enter a treatment facility would be the best means for him to address his drug addiction. Id. at 8-13.

Ms. Harrell, on behalf of the Commonwealth, argued that Defendant had been given a significant break in September 2016 when Judge Lane continued his probation and that he had failed to take advantage of that break. Ms. Harrell further argued that Defendant's history of absconding demonstrated that he was not a good candidate for community supervision and that he should be resentenced to a term of incarceration at this Court's discretion. Id. at 13.

Defendant next spoke on his own behalf. Defendant argued that he had always turned himself in when he absconded and had not been arrested on new crimes. Defendant stated that his mother passed away and he consequently relapsed. Defendant claimed that he had been doing well under supervision until he relapsed and absconded. Defendant stated that he had three children and that he was working to be involved in their lives. Defendant further stated that he did not want to lose his business because of his addiction and that he needed help. Id. at 14-15.

This Court found Defendant to be in technical violation, revoked probation and sentenced Defendant to 2½ to 5 years' state incarceration on each charge, to run concurrent with one

another. This Court recommended that Defendant serve his sentence at SCI – Chester so that he could receive drug treatment there. In imposing its sentence, this Court stated that the sentence was absolutely necessary to vindicate the authority of the Court given Defendant's lengthy history of absconding. This Court noted that it had previously warned Defendant twice that he would face a sentence of state incarceration if he continued to violate his probation and yet Defendant continued to thumb his nose at the Court. This Court stated that Defendant needed to make a personal decision that he no longer wished to be a drug addict and that his behavior had been unchanged since his first appeared before this Court in 2005. Id. at 16-18.

On January 13, 2017, Defendant, through counsel, filed a Notice of Appeal to the Superior Court. On January 24, 2017, after receiving the complete Notes of Testimony, this Court ordered Defendant to file a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b) and Defendant did so on February 8, 2017.

## ISSUES

I. WHETHER THE SENTENCE IMPOSED BY THIS COURT WAS UNREASONABLE AND MANIFESTLY EXCESSIVE.

## DISCUSSION

I. THE SENTENCE IMPOSED BY THIS COURT WAS NOT UNREASONABLE OR MANIFESTLY EXCESSIVE.

The sentence imposed by this Court of 2½ to 5 years state incarceration was not manifestly excessive. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Commonwealth v. Johnson, 2015 PA Super 221, 125 A.3d 822, 826 (2015) (citing Commonwealth v. Disalvo, 70 A.3d 900, 903 (Pa.Super.2013)). In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by

5

reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Id. It is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. Coolbaugh, 770 A.2d at 792 (citing Commonwealth v. Cappellini, 456 Pa.Super. 498, 690 A.2d 1220 (1997)).

As a general rule, "upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." Commonwealth v. Fowler, 930 A.2d 586, 595 (Pa.Super.2007). Normally, "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." Coolbaugh, 770 at 792. Once probation or parole has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of court. Coolbaugh, 770 A.2d at 792.

When a trial court imposes a sentence that is within the statutory limits, 'there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment'." Commonwealth v. Mouzon, 812 A.2d 617, 624-25 (2002) (quoting Commonwealth v. Person, 450 Pa. 1, 297 A.2d 460 (1972)). In addition, a sentence will not be disturbed unless the appellate court determines that the sentence is "unreasonable." Reasonableness is determined by examining the four statutory factors set forth in 42 Pa. C.S.A. § 9781(d) as well as the general sentencing standards outlined in 42 Pa. C.S.A. § 9721(b). Commonwealth v. Walls, 592 Pa. 557, 571, 926 A.2d 957, 965 (2007). 42 Pa. C.S.A. § 9781(d) requires that the appellate court consider: "(1) [t]he nature and circumstances of the offense and

6

the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission." 42 Pa. C.S.A. § 9721(b) requires consideration of the protection of the public, the gravity of the offense in relation to the impact on the victim and the community and the rehabilitative needs of the defendant. There is no requirement that a sentencing court's imposition of sentence be the "minimum possible confinement." Walls, 592 Pa. at 571, 926 A.2d at 965.

In the case at bar, Defendant claims that the sentence imposed of 2½ to 5 years' state incarceration was unreasonable, manifestly excessive and not in conformity with the requirements of the Sentencing Code. This claim is without merit. On the contrary, the sentence was absolutely necessary to vindicate the authority of this Court given Defendant's extensive history of absconding. As this Court recounted, on each prior occasion that Defendant was under community supervision, he promptly absconded and remained in absconding status for lengthy periods of time. Defendant absconded even after being warned by this Court on multiple occasions that he would be sentenced to state incarceration if he violated his probation again. Furthermore, Defendant absconded even after Judge Lane allowed his probation to continue despite his prior absconding. In doing so, Defendant showed a flagrant disregard for the authority of this Court and repeatedly thumbed his nose at this Court. Thus, the sentence of 2½ to 5 years' state incarceration, in keeping with this Court's earlier warnings to Defendant, was absolutely necessary to vindicate the authority of this Court.

Moreover, the sentence was reasonable in light of Defendant's continued drug abuse. As this Court noted, it had fashioned its previous sentences, including placement in the IP Program, in a manner that would allow Defendant to overcome his drug addiction outside of state

7

incarceration. However, Defendant continued to abuse drugs despite his involvement in the IP Program, Wedge Medical Center, the Options Program, and his previous sentence of county incarceration. As this Court stated in imposing the sentence,

> "Sir, you have to make a personal choice that you don't want to be a drug addict in the presence of your three children because that's what you are, and that's all you've been since 2005 when you came before me. Here we are 11 years later, and you say, "Well, I'm older now. I was young then." No. You're older now, and you're still a crackhead. You're still a drug addict... You need to get yourself together for yourself. You [need] to make a personal choice that you don't want to be a drug addict anymore. Second, you need to say, I want to do better by my children than I've done over these years against them, being in and out of jail like this. That's all they've seen you do is go in and out of jail for 11 years."

(N.T. 12/16/2016 p/ 17-18). Thus, Defendant's history made clear that the only avenue left for this Court to help him finally address his drug addiction was a sentence of state incarceration. Notably, this Court recommended that Defendant serve his sentence at SCI – Chester so that he could receive the drug treatment he needed while he was incarcerated. Therefore, the sentence imposed was necessary to vindicate the authority of the Court given Defendant's repeated history of absconding and reasonable in light of Defendant's continued rehabilitative needs.

8

## CONCLUSION

After review of the applicable case law, testimony and statutes, this Court committed no error. The sentence imposed was not unreasonable or manifestly excessive. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

_____ J.

9